**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| RENASANT BANK, | |
| Plaintiff, | CIVIL ACTION NO.: 4:26-cv-136 |
| v. | |
| GREGORY KIM HOBBS, JR.; ELIZABETH PATRICIA HOBBS; and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

**O R D E R**

In a prior Order, the Court directed Plaintiff Renasant Bank to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (See doc. 9.) Plaintiff filed its Response. (Doc. 10.) The Court does not have subject matter jurisdiction over this case and therefore **DISMISSES** the case **without prejudice**.

Plaintiff brought this breach of contract action against Defendants Gregory Kim Hobbs, Jr., and Elizabeth Patricia Hobbs, concerning their purported mortgage default. (Doc. 1, pp. 2–4.) The Complaint also names the United States of America as a "Title Interest Defendant," claiming specifically that "the United States of America through its officer the Secretary of Veterans Affairs claims an interest in the [at-issue] Property" that is allegedly subject to foreclosure. (Id. at p. 4.) Plaintiff claims "the United States of America's interest in the Property is subject to and/or inferior to Plaintiff's interest in the Property under the Mortgage," and Plaintiff "thus seeks judgment as to the United States of America that its interest in the Property under said instruments be extinguished via the herein sought judicial foreclosure sale . . . ." (Id. at pp. 4–5.)

In the Complaint, Plaintiff contends that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and "the claims it makes herein against an agency and/or officer of the United States of America under 28 U.S.C. § 2410." (Id.) The Court, however, expressed skepticism that these statutory provisions confer jurisdiction over this case, particularly considering that Plaintiff filed the case with this Court (as opposed to it having been removed to this Court pursuant to 28 U.S.C. § 1444). (Doc. 9.)

As the Court explained in its previous Order, 28 U.S.C. § 2410 states that, under "the conditions prescribed in [Section 2410] and [S]ection 1444 of this title . . . the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real . . . property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). Under Section 1444, the United States may *remove* any Section 2410 action to the "district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. It is routinely held that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 635 (5th Cir. 2002); see also Shaw v. United States, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts."); City of Miami Beach v. Smith, 551 F.2d 1370, 1373 n.5 (5th Cir. 1977) (Section 1444 simply "confers a substantive right to remove, independent of any other jurisdictional limitations.").[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In its Response, however, Plaintiff claims the opposite: that "[t]he waiver of sovereign immunity under § 2410 can serve as a basis for jurisdiction." (Doc. 10, p. 2 (citing Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991) for the holding that "§ 2410 can serve as the basis for jurisdiction *to challenge a federal tax lien*") (emphasis added by this Court).) To support its argument, Plaintiff relies heavily on *dicta* from the United States Supreme Court's opinion in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg, where the Supreme Court noted in a footnote that "[f]ederal law does provide a quiet title cause of action against the Federal Government." 545 U.S. 308, 317 n.4 (2005). Multiple district courts, including several within the Eleventh Circuit, have recently addressed and rejected the same argument in the same context.[2] As Judge Royal of the Middle District of Georgia aptly explained, in response to the same argument offered in the same circumstances as Plaintiff's argument here:

> Contrary to Plaintiff's assertion, the Supreme Court has not yet addressed whether Section 2410 creates a federal law cause of action for judicial foreclosure. In Grable, the Supreme Court stated in a footnote "[f]ederal law does provide a *quiet title* cause of action against the Federal Government[ ]" under 28 U.S.C. § 2410 and noted Section 2410 was "not relevant" because when the action was commenced, the United States "no longer [had] any interest in the [subject] property[.]" Grable can easily be distinguished. First, Grable involved a quiet title claim premised upon an issue of federal tax law, not an action, as in this case, seeking judicial foreclosure. Second, Grable was originally filed in state court and later removed to federal court which would have implicated Section 1444's jurisdictional grant had the United States been a defendant. In other words, the original jurisdiction of the district court was not at issue in Grable—unlike here. As a result, Grable is wholly distinguishable from the present case.

---

[2] It bears noting that the same attorney (Thomas Alexander Sears) and/or law firm (Padgett Law Group) representing Plaintiff in this case appears to have represented the plaintiff in the following district court cases cited within this Order: Servis One, Inc. v. Brown, No. 5:25-cv-228, 2026 WL 852010 (M.D. Ga. Mar. 27, 2026) (Thomas Alexander Sears for plaintiff); CitiMortgage v. Walker, No. 1:25-cv-116, 2026 WL 1984253 (M.D. Ala. July 9, 2026) (attorney with Padgett Law Group for plaintiff); Planet Home Lending, LLC v. Collins, No. 1:26-cv-134, 2026 WL 1984337 (M.D. Ala. July 9, 2026) (attorney with Padgett Law Group for plaintiff); Citimortgage, Inc. v. Floyd, No. 3:25-cv-766, 2026 WL 1435582 (M.D. Ala. May 21, 2026) (attorney with Padgett Law Group for plaintiff); Planet Home Lending, LLC v. Rivera, No. 3:25-cv-2550, 2025 WL 3635837 (N.D. Tex. Oct. 29, 2025) (attorney with Padgett Law Group for plaintiff).

> All relevant, binding precedent indicates Section 2410 merely waives the United States sovereign immunity under certain conditions. Further, the statute's text does not expressly create a federal law cause of action by merely listing types of actions that are created by state law and mandating specific pleading requirements for them when the United States has been joined as a defendant. Section 2410 is a conditional waiver of the United States' sovereign immunity and nothing more. Moreover, judicial foreclosure is a remedy, not a distinct cause of action.

Servis One, Inc. v. Brown, No. 5:25-cv-228, 2026 WL 852010, at *3–4 (M.D. Ga. Mar. 27, 2026) (footnotes with citations omitted) (emphasis added by Servis One court).

The Court adopts and applies this same reasoning and holds that Section 2410 does not supply an independent basis for federal subject matter jurisdiction and, because this case was not removed from state court, this Court lacks jurisdiction and the action must be dismissed without prejudice. In so holding, this Court joins not only the Servis One court, quoted above, but also multiple other district courts. See, e.g., CitiMortgage, Inc. v. Walker, No. 1:25-CV-00116-RAH-CWB, 2026 WL 1984253, at *1 (M.D. Ala. July 9, 2026) ("[T]he Court concludes that § 2410 does not supply an independent basis for federal subject-matter jurisdiction, and therefore that this action is due to be dismissed without prejudice."); Planet Home Lending, LLC v. Collins, 1:26-CV-00134-RAH-JTA, 2026 WL 1984337, at *1 (M.D. Ala. July 9, 2026) (same holding); Planet Home Lending, LLC v. Rivera, No. 3:25-cv-2550, 2025 WL 3635837 (N.D. Tex. Oct. 29, 2025) ("[U]nder controlling Fifth Circuit precedent, 28 U.S.C. § 2410 does not create a federal cause of action or basis for subject matter jurisdiction in this case."); see also Citimortgage, Inc. v. Floyd, No. 3:25-cv-766, 2026 WL 1435582 (M.D. Ala. May 21, 2026) (stating that, "[b]ecause § 2410 does not create a basis for federal subject matter jurisdiction and this case was not removed from state court, this Court appears to lack jurisdiction," and ordering plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction).

Plaintiff has not shown another basis for finding federal question jurisdiction under 28 U.S.C. § 1331 and the Court finds there is no such basis, as Plaintiff's claims relate to state law

4

breach of contract and foreclosure.  Additionally, Plaintiff has not claimed, much less alleged the necessary facts to show, that this Court has diversity jurisdiction over the case.  <u>See</u> 28 U.S.C. § 1332.

Accordingly, the Court **DISMISSES** this case **without prejudice** for lack of subject matter jurisdiction and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 5th day of August, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA